IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PAUL WAMSLEY and
SHERRY WAMSLEY,

            Plaintiffs,

v.                                CIVIL ACTION NO. 3:12-5852

R. MICHAEL KENNERLY, M.D.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Application for Assessment of Damages (ECF No. 8). Default was previously entered against Defendant on November 1, 2012 (ECF No. 6). For the reasons stated below, this Court **SETS ASIDE** the default and the application for assessment of damages.

Plaintiffs commenced this case against Defendant Michael Kennerly, alleging medical negligence in connection with a procedure performed by Defendant at Pleasant Valley Hospital in West Virginia. The Complaint states that Defendant's primary residence is in Fletcher, North Carolina, but that he practices medicine in Point Pleasant, West Virginia. The Summons was issued on September 26, 2012, listing Defendant's address as 1298 Cane Creek Road, Fletcher NC 25732 (ECF No. 4). An entry on the website for the West Virginia Secretary of State reveals that service was attempted on October 1, 2012, but that it was not delivered. The mailing was stamped "Return to Sender—Unclaimed" on October 25, 2012 (ECF No. 7), and a website entry indicates that the mailing was returned to the Secretary of State on November 5, 2012. Notice

that the Summons was returned unexecuted was filed on November 14, 2012.

Federal Rule of Civil Procedure 4(e) states that "Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." West Virginia's long-arm statute states that by, *inter alia*, "[t]ransacting any business in this State" or "[c]ausing tortious injury by an act or omission in this State," a nonresident is deemed to have appointed "the Secretary of State . . . to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her" "arising from or growing out of such act or acts." W. Va. Code § 56-3-33(a). The Secretary of State is then required to provide notice of service and a copy of the Complaint and Summons to the nonresident party, under the terms of delivery stated in § 56-3-33(c).

West Virginia Code § 56-3-33(c) has been interpreted to mean that "service is effective when made upon the Secretary of State *and* the secretary of State has forwarded the Summons to the party to be served *and* that party has either signed and accepted service or refused to accept service." *Nationwide Prop. & Cas. Ins. Co. v. Washington Mut. Bank, F.A.*, No. 3:10-cv-1, 2010 WL 3522111, at *3 (N.D. W. Va. Sept. 8, 2010) (emphasis in original). Therefore, "undelivered or undeliverable mail sent by the West Virginia Secretary of State does not meet the requirements of effective service." *Id.; see also Tucker v. Thomas*, No. 5:10-cv-31, 2011 U.S. Dist. LEXIS 30988, at *30 (N.D. W. Va. Mar. 24, 2011) (citing W. Va. Code § 56-3-33(c)) ("As to defendant Haire, this Court found above that service was insufficient because neither he, nor his duly authorized agent signed the return receipt as is required by West Virginia law.");

2

*Federal Deposit Ins. Corp. v. Spartan Mining Co.*, 96 F.R.D. 677, 682 (S.D. W. Va. 1983) ("On the face of the return of service record these provisions were complied with inasmuch as a copy of the summons and complaint was sent to each of these defendants at their respective addresses and both receipt cards were returned signed…"). The Court is mindful that there is a distinction between undelivered mail, which constitutes insufficient service, and mail that is returned because it was refused. *See id.* (noting *Virginia Lime Co. v. Craigsville Distributing*, 670 F.2d 1366 (4th Cir. 1982, where "the Fourth Circuit held that when the statutory requirements for service of process under the Virginia long-arm statute had been facially complied with by mailing notice to defendant's 'last known address,' service was proper and due process satisfied even though defendant contended that the address was not its last known address and service had been refused by its agent for that reason").

It must be noted, however, that Fed. R. Civ. P. 4(e)(1) permits service which follows the state law of either the forum state *or* the state where service occurs. Because service was attempted in North Carolina, the Court must therefore consider if the service that occurred here satisfies North Carolina law. The Court concludes that service here does not satisfy the law of that state. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j). Regardless, even if the applicable North Carolina statute was satisfied, the plaintiff would also be required to file an affidavit, which has not happened. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(2)(2).

In conclusion, proper service has not occurred. The Court therefore **SETS ASIDE** the default entered against Defendant. Federal Rule of Civil Procedure 4(m) states that a defendant must be served within 120 days after the complaint is filed. Because the Court finds that it would be appropriate to give Plaintiff more time to ensure proper service, the Court **GRANTS** Plaintiff

120 days from entry of this Memorandum Opinion and Order to execute proper service upon Defendant.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 3, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE